IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TASES MILLS,

    Plaintiff,

v.                                                        CASE NO. 1:08-cv-00165-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Doc. 20), which recommends that the Commissioner's decision to deny Plaintiff's application for benefits be affirmed. The Magistrate entered the report on May 18, 2009. Plaintiff then filed a timely objection to the report (Doc. 21), to which Defendant did not respond. Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions of the report to which Plaintiff objects. For the reasons stated below, the Court has determined that the report should be adopted in full.

In his memorandum in support of the instant complaint for judicial review of the Commissioner's decision (Doc. 19), Plaintiff contends that the ALJ erred by not finding at step two of his analysis that, in addition to a severe impairment of back disorder, Plaintiff has a severe mental impairment of chronic pain and depression. The ALJ found that, other than Plaintiff's back disorder, none of Plaintiff's impairments had more than a minimal effect on his ability to work. That conclusion was based on the ALJ's finding that Plaintiff's other impairments caused no more than a mild limitation on Plaintiff's activities of daily living, social

functioning, and concentration, persistence, or pace, and that there was no evidence of decompensation. The Magistrate reviewed the medical evidence in the record and concluded that the ALJ's findings are supported by substantial evidence.

In his objection, Plaintiff relies exclusively on the opinion of a consulting psychologist, Dr. Louis Legum, Ph.D., to argue that the ALJ's decision is not based on substantial evidence. As the ALJ noted, Dr. Legum offered a pessimistic assessment of the claimant's ability to perform work-related mental activities, despite noting that there was "strong evidence" that Plaintiff was exaggerating his limitations. The ALJ gave no weight to Dr. Legum's assessment, reasoning that it was "largely based upon the claimant's questionable subjective complaints and allegations" and was not supported by other medical evidence in the record. R.27.

There is substantial evidence in the record to support that determination. The Court's job is not to re-weigh the evidence in the record or to determine in whose favor the evidence preponderates. Rather, the Court must determine whether a reasonable person would deem the evidence adequate to support the ALJ's findings. Here, the other medical evidence in the record, as detailed by the Magistrate, is adequate to support the ALJ's findings at step two regarding the functional limitations imposed by Plaintiff's mental impairment. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 20) is ADOPTED and incorporated herein, and the Commissioner's decision to deny Plaintiff's application for benefits is AFFIRMED.

**DONE AND ORDERED** this *15th* day of July, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge